**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| COLLISION COMMUNICATIONS, INC.,<br>Plaintiff,<br>v.<br>NOKIA SOLUTIONS AND NETWORKS OY,<br>Defendant. | C.A. No. 19-CV-12251-ADB |

**NOKIA SOLUTIONS AND NETWORKS OY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY AND DISMISS**

Before this action was filed, defendant Nokia Solutions and Networks Oy ("Nokia") filed a declaratory judgment action in the Superior Court of the State of Delaware, Complex Commercial Litigation Division, against plaintiff Collision Communications, Inc. ("Collision") entitled *Nokia Solutions and Networks Oy v. Collision Communications, Inc.*, C.A. No. N19C-10-262 AML (the "Delaware Action").[1] A copy of the Complaint in the Delaware Action is attached hereto as Exhibit A. Collision filed a Motion to Dismiss or Stay the Delaware Action, which Nokia opposed, and the matter is set for hearing on **January 31, 2019**, with a decision expected approximately 90 days thereafter.

Through this Motion, Nokia seeks to stay this case until the Delaware Court rules on the Motion to Dismiss or Stay in order to avoid having to litigate two cases on parallel tracks. As this Court has previously recognized, it is generally appropriate for the court in the first-filed action to decide which forum is appropriate for the parties' dispute. *See EMC Corp. v. Parallel Iron, LLC*, 914 F. Supp. 2d 125, 129 (D. Mass. 2012) (The "first-to-file rule has generally been

[1] Nokia appears specially and does not waive any of its rights to assert any affirmative defenses, including, but not limited to, lack of personal jurisdiction over it.

interpreted to dictate not only which forum is appropriate, but also which forum should decide which forum is appropriate. Courts in nearly every circuit have held that the court in which the second action was filed should defer to courts in the first-filed action."). Given that the Delaware Action is the first-filed action, the Delaware Superior Court, as a matter of comity, should be given the opportunity to decide the issue of the appropriate forum in the first instance. As a matter of judicial economy, it also makes sense to allow the Delaware Court to decide this issue as the issue has already been fully briefed and will be argued the day after this Motion is filed.

**BACKGROUND**

This dispute arises out of the parties' failed efforts to enter into a business collaboration whereby Nokia would license Collision's signal processing technology and integrate it into Nokia's network architecture. Despite prolonged negotiations, the parties were unable to come to an agreement on the material terms of their proposed collaboration and never executed any formal binding agreement, even though various draft contracts were exchanged. Notwithstanding the fact that the parties never entered into any binding agreement, Collision demanded that Nokia still pay it as if a valid and binding agreement existed.

After an unsuccessful pre-suit mediation between the parties, on October 30, 2019, Nokia filed the Delaware Action in Collision's state of incorporation to resolve the dispute over whether Nokia owes any obligations to Collision following the parties' failed contract negotiations. On November 1, 2019, Collision filed suit against Nokia Corporation and Nokia, Inc.[2] *See* Complaint (Dkt. 1). On December 12, 2019, Collision filed an Amended Complaint which, for the first time, asserted claims against Nokia Solutions and Networks Oy (and which

---

[2] Nokia Corporation is a Finnish corporation that does not do business in the United States. Nokia, Inc. is no longer affiliated with Nokia as it was sold to Microsoft Corporation in 2013.

dropped Collision's claims against Nokia Corporation and Nokia, Inc.). On November 26, 2019, in the Delaware Action, Collision filed its Motion to Dismiss or Stay, claiming that this second-filed action is the appropriate forum for the parties' dispute and should proceed instead. *See, e.g.*, Collision Notice of Motion to Dismiss or Stay, attached hereto as Exhibit B.

Nokia contends that Massachusetts is not the proper venue for this action given that: (a) neither party is incorporated or registered to do business in Massachusetts[3]; (b) neither party's principal place of business is in Massachusetts; and (c) the parties' failed contract negotiations did not take place in Massachusetts. Rather, most in-person meetings took place in New Hampshire and Finland, and most of Nokia's negotiations were conducted via email by an individual based in Germany. Indeed, Nokia is concurrently moving to dismiss this case on the ground that it is not subject to jurisdiction in Massachusetts. In fact, the ***only*** apparent connection this case has to Massachusetts is that one of Collision's principals, Jared Fry, apparently lives in Massachusetts and works out of his home office. *See, e.g.*, Amended Complaint (Dkt. No. 6), at ¶ 11.[4]

**ARGUMENT**

This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *State St. Corp. v. Stati*, No. CV 19-MC-91107-LTS, 2019 WL 3546891, at *1 (D. Mass. May 22, 2019), report and recommendation adopted, No. CV 19-MC-91107-LTS,

---

3 Collision was not legally authorized to file suit in Massachusetts because it is not registered to do business in Massachusetts. (The Court can take judicial notice of this fact by confirming that "Collision Communications" does not yield any results when a search of registered companies is performed on the Massachusetts Secretary of State's webpage: http://corp.sec.state.ma.us/corpweb/CorpSearch/CorpSearch.aspx <last visited on January 29, 2020>). *See* Mass. Gen. L. ch. 156D, § 15.02(a) ("A foreign corporation transacting business in the commonwealth without delivering to the secretary of state for filing the certificate required by section 15.03 shall not maintain a proceeding in any court in the commonwealth until the certificate is delivered and filed.").

4 It bears noting that Collision's other principal, Stanley Fry, lives and works in New Hampshire. *See* Amended Complaint, at ¶ 11. The mere fact that one of Collision's officers maintained and worked out of a home office in Massachusetts at times does not mean that Massachusetts is the proper forum. The dispute here involves Collision as a company, not Jared Fry *individually*.

2020 WL 241307 (D. Mass. Jan. 16, 2020) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)) (additional citations and internal quotation marks omitted). Factors federal courts consider when determining whether staying an action is appropriate include:

> (1) similarity of parties and issues involved in the foreign litigation; (2) the promotion of judicial efficiency; (3) adequacy of relief available in the alternative forum; (4) issues of fairness to and convenience of the parties, counsel, and witnesses; (5) the possibility of prejudice to any of the parties; and (6) the temporal sequence of the filing of the actions.

*State St. Corp.*, 2019 WL 3546891, at *1 (citations omitted). These principals are served by briefly staying this action to allow the Delaware Superior Court to decide the Motion to Dismiss or Stay given that: (1) the parties to the two cases are now identical; (2) a stay will promote judicial efficiency; (3) adequate relief is available in Delaware; and (4) as discussed below, it is widely accepted that the first-filed court is the proper court to decide the proper venue when there are two competing actions. *See, e.g.*, *EMC Corp.*, 914 F. Supp. 2d at 129 (staying second-filed action so that United States District Court for the District of Delaware could decide forum issue in first instance, even though briefing had not yet occurred in Delaware action).

The "first-filed" rule generally gives precedence to the first of two duplicative actions proceeding in different courts. "Where identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred in a choice-of-venue decision." *Transcanada Power Mktg., Ltd. v. Narragansett Elec. Co.*, 402 F. Supp. 2d 343, 347 (D. Mass. 2005), *quoting Cianbro Corp. v. Curran–Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987).

While there are exceptions to this general rule, the Court need not decide the issue in the first instance or evaluate the application of those exceptions here. That is because the "first-to-file rule has generally been interpreted to dictate not only which forum is appropriate, but also

which forum should decide which forum is appropriate. Courts in nearly every circuit have held that the court in which the second action was filed should defer to courts in the first-filed action." *EMC Corp.*, 914 F. Supp. 2d at 129. *See also Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982) (holding that, as between two courts presented with duplicative litigation, the court in which the action was first filed "should be allowed to first decide issues of venue"); *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir. 1982) ("normally the forum non conveniens argument should be addressed to the court in the first-filed action"); *Tiber Labs., LLC v. Cypress Pharmaceuticals, Inc.*, 2007 WL 3216625, at *2 (N.D. Ga., May 11, 2007) ("Thus, once the court determines that a likelihood of substantial overlap exists between the two suits, it is no longer up to the second filed court to resolve the question of whether both should be allowed to proceed."); *Schawbel Techs. v. Heat Factory USA*, 2018 U.S. Dist. LEXIS 158051, at *3 (D. Mass. Sept. 12, 2018) (in Massachusetts, the first-filed rule "expresses a preference, at least, for the judge presiding over the first-filed case to determine whether the exception applies."). As the Court in *EMC* also noted, the First Circuit has adopted this rationale. *See TPM Holdings v. Intra–Gold Indus.*, 91 F.3d 1, 4 (1st Cir. 1996) ("Where the overlap between the two suits is nearly complete, the usual practice is for the court that first had jurisdiction to resolve the issues and the other court to defer.").

As noted above, briefing on the issue of the first-filed rule and appropriate forum has already been completed in the Delaware Action, a hearing on Collision's Motion to Dismiss or Stay is scheduled for January 31, 2020, and the Court is likely to issue its decision approximately 90 days thereafter. Given these facts, the Delaware Superior Court should be given the opportunity, in the first instance, to issue its determination as to the proper forum for the dispute between the parties. And if the Delaware Superior Court determines that Delaware is the proper

venue for this action, this case should be dismissed so that Collision's claims may proceed in Delaware.

**CONCLUSION**

For the foregoing reasons, Nokia respectfully requests that the Court grant this Motion, order a stay of this proceeding pending a decision by the Delaware Superior Court as to the first-filed issue and appropriate forum for this dispute, and, if the Delaware Superior Court determines that Delaware is the most appropriate forum for this dispute, dismiss this case so that Collision's claims may be adjudicated in Delaware. Nokia further asks that the Court grant such other and further relief as it deems just and proper.

Respectfully submitted,

NOKIA SOLUTIONS AND NETWORKS OY,

By its attorneys,

/s/ David Himelfarb
David Himelfarb, BBO #649596
dhimelfarb@mccarter.com
John Allen, BBO # 673081
jallen@mccarter.com
McCarter English, LLP
265 Franklin Street
Boston, MA 02110
Tel: (617) 449-6500
Fax: (617) 607-9200

January 30, 2020

**CERTIFICATE OF SERVICE**

I, David Himelfarb, hereby certify that on this 30th day of January, 2020, a true copy of the above document was served on counsel for all parties through the Court's ECF/CM system.

/s/ David Himelfarb
David Himelfarb