# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLLISION COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NOKIA SOLUTIONS AND NETWORKS OY, <br><br> Defendant. | C.A. No. 19-CV-12251-ADB <br><br> **LEAVE TO FILE GRANTED ON MARCH 5, 2020 (DKT. 31)** |

### NOKIA SOLUTIONS AND NETWORKS OY'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO STAY AND DISMISS

Defendant Nokia Solutions and Networks Oy ("Nokia") submits this Reply in further support of its Motion to Stay and Dismiss (the "Motion to Stay") (Dkt. 18), and in response to plaintiff Collision Communications, Inc.'s ("Collision") Opposition (Dkt. 26).

### INTRODUCTION

Nokia's Motion to Stay asks the Court to apply the well-settled and sensible rule that the court in the first-filed action should decide the proper venue to hear the parties' dispute. Collision's Opposition ignores that rule entirely (much less makes any effort to distinguish it), and instead argues that Nokia's Motion to Stay should simply be denied. In taking this position, Collision is effectively asking two separate courts, the Delaware Superior Court and this Court, to decide the exact same issue – the proper venue for the parties' dispute, thereby risking inconsistent and potentially problematic results. For instance, if the Delaware Court concludes that Delaware is the proper venue for this dispute and this Court concludes that Massachusetts is the proper venue, the same exact case will be litigated in two different forums. Proceeding in this fashion will result in a needless waste of judicial resources and may lead to further inconsistent results (and potentially conflicting verdicts). In order to avoid this chaos, most

Circuits, including the First Circuit, instruct that the first-filed court should decide the question of where the parties' dispute should be heard.

## DISCUSSION

### I.  Collision's Opposition Ignores Pertinent Facts

Before addressing the arguments made in Collision's Opposition, the following three points, which Collision ignores, should be taken into account when deciding the Motion to Stay:

1.  ***Collision was not legally authorized to file suit in Massachusetts and, to date, is not so authorized***.  Collision does not, and cannot dispute that it is a *New Hampshire* company[1] that is not registered to do business in Massachusetts[2] and that does not maintain an office in Massachusetts.[3]  This matters because Massachusetts law prohibits foreign corporations, such as Collision, from availing themselves of the protections of the Massachusetts legal system without first registering to do business in Massachusetts (and, among other things, paying the requisite fees).  *See* Mass. Gen. L. ch. 156D, § 15.02(a) ("A foreign corporation transacting business in the commonwealth without delivering to the secretary of state for filing the certificate required by section 15.03 ***shall not maintain a proceeding in any court in the commonwealth*** until the

---

[1]  Exhibit A hereto is a printout from the New Hampshire Department of State showing that Collision is a Delaware corporation with a principal place of business and registered office in Peterborough, New Hampshire.  *See also* 2019 Annual Report (attached hereto as Exhibit B) (same).

[2]  A search of the Massachusetts Secretary of State's webpage reveals that Collision is not registered to do business in Massachusetts.  *See* http://corp.sec.state.ma.us/corpweb/CorpSearch/CorpSearch.aspx (last visited on March 9, 2020).

[3]  While Collision disingenuously states in its Opposition that "Jared Fry … was running the company's operations from Boston," *id.* at 1, referencing the Affidavit of Jared Fry (Dkt. 29), that Affidavit admits that Collision does not have any offices in Boston, but rather Jared Fry, the company's Chief Operating Officer ("COO") happens to live in Boston and has occasion to work from home.  *See id.*, ¶ 4 ("I handled Collision's side of the communications ***from my home office in Boston, Massachusetts***.") (emphasis added).

2

certificate is delivered and filed.").[4]  Commenting on ch. 156D, § 15.02 in the context of a motion to transfer venue, Judge Talwani recently noted that a plaintiff's failure to register to do business in Massachusetts is a factor to consider in determining the appropriate forum for a case:

> As Magic Link is not a resident of Massachusetts and was not registered to do business at the time it initiated the state court action, and as there is no obvious connection between Massachusetts and the events or omissions giving rise to the claim, the court does not give significant weight to plaintiff's choice of forum.

*Magic Link Garment Ltd. v. ThirdLove, Inc.*, No. 18-CV-11961-IT, 2018 WL 6423908, at *3 (D. Mass. Dec. 6, 2018).  Here, the only apparent connection between this lawsuit and Massachusetts is that Jared Fry, Collision's COO, had communications with Nokia from his house in Boston (although, when the parties met in person, they met in either New Hampshire or Finland).  That is much too thin a reed upon which to base hearing this case in Massachusetts.  In contrast, while Collision complains about litigating in Delaware, it ignores the facts that: (1) it voluntarily chose to incorporate in Delaware; (2) it appointed a registered agent in Delaware; and (3) it proposed at least two agreements to Nokia with Delaware choice of law provisions.  *See* Draft License and Integration Agreements, Sect. 11.4 (Dkts. 15-3 and 15-4).  Based on this record, Delaware is a more appropriate forum for this dispute, particularly since Nokia consents to jurisdiction in Delaware.

2.  ***The Delaware Case and the Massachusetts Case Did Not Originally Involve the Same Parties***.  While Collision argues that the Massachusetts case was filed just two days after the Delaware case, that is not entirely accurate.  The Delaware case was filed on October 30, 2019. Collision commenced *a suit* on November 30, 2019, but it was against Nokia Corp. and Nokia, Inc. (a company purchased by Microsoft Corp. in 2013), not against Nokia Solutions and

---

[4]  Chapter 156D, § 15.02(c) authorizes a court to "stay a proceeding commenced by a foreign corporation … until it determines whether the foreign corporation … is required to deliver to the secretary of state for filing the certificate required by section 15.03. If it so determines, the court may further stay the proceeding until the foreign corporation or its successor delivers the certificate and it is filed." *Id.*

3

Networks Oy – the plaintiff in the Delaware suit.[5] It was not under December 12, 2019 (Dkt. 6) that Nokia Solutions and Networks Oy became a party to this case.

3. ***Nokia is Not Subject to Jurisdiction in Massachusetts.*** As further set forth in Nokia's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 12), Nokia is not subject to jurisdiction in Massachusetts. For that reason alone, this case should go forward in Delaware, where Nokia has already consented to jurisdiction.

## II. Collision Does Not Dispute That the First-Filed Court Typically Decides the First-to-File Issue

Collision's Opposition does little more than rehash the same arguments it presented to the Delaware Court in its Motion to Dismiss or Stay (Dkt. 19-2). That Motion is already fully briefed and was argued to Judge Abigail M. LeGrow on January 31, 2020. A decision is expected any day. It makes little sense for this Court to spend time and energy deciding an issue that another judge is already actively considering. That is one of the reasons courts, including the First Circuit, direct that the court in the first-first suit should decide the proper forum. *See TPM Holdings, Inc. v. Intra-Gold Indus., Inc.*, 91 F.3d 1, 4 (1st Cir. 1996) ("Where the overlap between the two suits is nearly complete, the usual practice is for the court that first had jurisdiction to resolve the issues and the other court to defer."); *Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987) ("Where identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred in a choice-of-venue decision."). As Judge Saylor explained in *EMC Corp. v. Parallel Iron, LLC*, 914 F. Supp. 2d 125 (D. Mass. 2012):

---

[5] Nokia Solutions and Networks Oy is the party to the Project Agreement referenced in the Complaint, is the party named in the draft License and Integration Agreements proposed by Collision, and is the party listed in numerous other draft agreements exchanged by the parties. Collision cannot therefore profess not to have known which Nokia entity it was dealing with.

4

ME1 32740814v.2

> Nearly two hundred years ago, the Supreme Court announced the "first-to-file" rule, a doctrine intended to promote judicial efficiency and to avoid duplicative litigation. As first announced, this rule required that, "[i]n all cases of concurrent jurisdiction, the Court which first has possession of the subject must decide it."

*Id.* at 127 (citing *Smith v. McIver*, 22 U.S. 532, 535, 9 Wheat. 532, 6 L.Ed. 152 (1824)). The court further held:

> The first-to-file rule has generally been interpreted to dictate not only which forum is appropriate, but also which forum should decide which forum is appropriate. Courts in nearly every circuit have held that the court in which the second action was filed should defer to courts in the first-filed action.… The First Circuit seems to have adopted this rationale as well ….

*Id.* at 129 (citations omitted). *See also Schawbel Techs. LLC v. Heat Factory USA, Inc.*, No. 1:18-CV-10227-LTS, 2018 WL 4440545, at *2 (D. Mass. Sept. 17, 2018) ("The rule itself expresses a preference, at least, for the judge presiding over the first-filed case to determine whether the exception applies."); *Avigilon Corp. v. Canon, Inc.*, No. 17-CV-11922, 2017 WL 11501011, at *1 (D. Mass. Nov. 13, 2017) ("the usual practice is for the court that first had jurisdiction to resolve the issues and the other court to defer.") (citation and internal quotation marks omitted). Collision has not identified any reason why this settled rule should not apply here.

### III. The Exceptions to the First-Filed Rule Do Not Apply

Untroubled by the fact that it is now asking this Court to decide the exact same issue it previously asked the Delaware Court to decide, Collision argues for an exception to the first-filed rule. While Nokia believes that this issue is best decided by the Delaware Court, it also suggests that no exception is warranted here.

"There are at least two widely-recognized exceptions to the first-filed rule: where (1) there are 'special circumstances' justifying a transfer, such as where a party engages in misleading conduct to win a 'race to the courthouse'; or (2) the balance of convenience

5

substantially favors the second-filed action." *EMC Corp. v. Parallel Iron, LLC*, 914 F. Supp. 2d 125, 127 (D. Mass. 2012) (emphasis added). *See also Schawbel Techs. LLC*, 2018 WL 4440545 at *1 (reciting two factors). "The 'convenience' factors under this latter exception are similar to the considerations under 28 U.S.C. § 1404(a)." *Idenix Pharm., Inc. v. Gilead Scis., Inc.*, No. CV 13-13052-DJC, 2014 WL 12782106, at *1 (D. Mass. June 30, 2014). Here, neither factor is present.

### A. Nokia Did Not Engage in Misleading Conduct

As noted in Collision's Opposition, on July 18, 2019 Collision sent Nokia a demand letter (Dkt. 26-2). The parties then agreed to a mediation and further agreed to a Standstill and Tolling Agreement (the "Standstill Agreement") (Dkt. 26-3). The parties had a mediation on **October 24, 2019**, which was unsuccessful. At the conclusion of their mediation, the parties agreed to continue settlement discussions, which they did. Ultimately, however, Nokia decided to end settlement discussions with Collision. It notified Collision that it considered the mediation to have been unsuccessful and it withdrew all prior settlement offers (Dkt. 26-4). It then filed suit immediately thereafter. Collision understood Nokia's communication to signify that the Standstill Agreement was being terminated. *See* Opposition at 5 ("The email closely tracks the language in the standstill agreement to signal that the standstill agreement was terminated.").

The above set of events are not evidence of Nokia "misleading" Collision, they are evidence of Nokia availing itself of its legal rights while simultaneously complying with the parties' Standstill Agreement. Had Collision wished to negotiate a deal where Nokia needed to wait a certain amount of time before filing suit after the mediation was unsuccessful, or to guaranty that Collision would be entitled to file suit first, it could have sought to negotiate for those things in the Standstill Agreement. Instead, the parties agreed to a structure whereby, once

ME1 32740814v.2

the mediation was terminated, either party could immediately file suit, which is precisely what Nokia did. Acting in a manner consistent with, and contemplated by, the Standstill Agreement cannot be said to be bad faith. This case is not, therefore, analogous to *Davox Corp. v. Digital Sys. Int'l, Inc.*, 846 F. Supp. 144 (D. Mass. 1993). In that case, Davox told DSI that it was investigating DSI's claims and that DSI would receive a letter directly from Davox's patent lawyers. Rather than sending a response, however, Davox filed suit. *Id.* at 146-147. Judge Wolf was troubled by the fact that Davox told DSI it was going to do one thing, which DSI presumably relied on, but then did another. Here, in contrast, Nokia did not say one thing and do another, but rather it abided by the parties' Standstill Agreement and did not file suit until the Standstill Agreement was terminated. Holding that, by agreeing to the Standstill Agreement Nokia somehow agreed that Collision would be allowed to file first, or to select the forum for this dispute, would impermissibly re-write the parties' Agreement.

If anything, Nokia is of the view that it is Collision who is acting in bad faith by seeking to compel Nokia to litigate in Massachusetts notwithstanding the fact that Massachusetts has no real connection to this dispute. Nokia believes that Collision has elected to do so because Collision views a Massachusetts filing as being advantageous to its Mass. Gen. L. ch. 93A claim. If that is the case, it certainly does not militate in favor of hearing this case in Massachusetts.

The other cases cited by Collision all support deferring to Nokia's first-filed suit in Delaware. In *Veryfine Prod., Inc. v. Phlo Corp.*, 124 F. Supp. 2d 16 (D. Mass. 2000), the court gave preference to the first-filed action (which included a claim for declaratory relief, among others) over the second-filed suit holding:

> Although a suit initiated immediately in response to a threat of suit may raise the question of whether the emerging plaintiff merely won a race to the courthouse, the analysis is different when negotiations are ongoing and both sides are aware that litigation could occur at any time, brought by either side. When the

7

ME1 32740814v.2

> negotiations are long-term and ongoing and there is no false implication that a party will refrain from litigation during those negotiations, the first-filed presumption may remain intact.

*Id.* at 220-23. The court further held that it is not a "race[] to the courthouse" unless the second-filed plaintiff presents evidence that the first-filed plaintiff "actually knew of the immediately impending suit and then chose to usurp venue by an instantaneous filing." *Id.* at 24. Here, Collision has presented *no evidence* that Nokia's decision to file suit was based on its actual knowledge that Collision was about to file suit. Rather, the record shows that Nokia's decision to file suit was based on its decision to terminate negotiations with Collision. Under the circumstances, there was no "race to the courthouse."

Similarly, in *Holmes Grp., Inc. v. Hamilton Beach/Proctor Silex, Inc.*, 249 F. Supp. 2d 12 (D. Mass. 2002), the court again did not find the existence of the requisite "special circumstances" to overcome the presumption in favor of the first-filed suit when the record did not establish that the first-filed action was based on any misrepresentations or a filing in response to some notice from the other side that a lawsuit was going to be filed imminently. *See id.* at 16. Lastly, in *J. P. Sercel Assocs., Inc. v. New Wave Research*, No. CIV. 03-331-JD, 2003 WL 22299014 (D.N.H. Oct. 7, 2003), the court again deferred to the first-filed action holding that there was no evidence of "bad faith activity coupled with inconvenience to the plaintiff in the second-filed action." *See id.* at *2. As such, the court in *J.P. Sercel* concluded, "because JPSA has not carried its burden of showing that the preference for the first-filed action … should not govern in this case, this case is dismissed in favor of that proceeding." *Id.* at *3. A similar result is merited here.

ME1 32740814v.2

### B. The Balance of Convenience Does Not Substantially Favor Massachusetts

Collision also has not established that Massachusetts is a substantially more convenient forum than Delaware. Only one witness, Jared Fry, is alleged to live in Massachusetts. Nokia's witnesses are largely based in Germany and Finland. Moreover, as the Court knows, depositions typically take place where witnesses reside, so no one will be required to travel to Delaware for depositions, and documents are largely exchanged electronically, so their location is largely irrelevant. If this case does not resolve before trial, Nokia will have to send its witnesses to either Massachusetts or Delaware from Europe and Collision will have to send its witnesses from New Hampshire (except for Jared Fry, who is based in Massachusetts) to either Delaware or Massachusetts. These facts do not make Massachusetts a substantially more convenient forum.

While Collision makes much of the fact that Nokia has retained Massachusetts-based counsel, it fails to mention that both parties have engaged both Massachusetts *and* Delaware counsel. Indeed, the oral argument in Delaware on Collision's Motion to Stay was handled by Daniel J. Brown, a partner in McCarter & English, LLP's Wilmington, Delaware, office, and that office also filed Nokia's Delaware Complaint. Collision also had Delaware counsel from the firm Pepper Hamilton LLP present in Court for the argument on the Motion to Stay. As both parties have Massachusetts and Delaware counsel, the location of counsel does not tip the scale in Collision's favor.

### CONCLUSION

For the foregoing reasons Nokia respectfully requests that the Court grant this Motion, order a stay of this proceeding pending a decision by the Delaware Superior Court as to the first-filed issue and appropriate forum for this dispute, and, if the Delaware Superior Court determines

9

that Delaware is the most appropriate forum for this dispute, dismiss this case so that Collision's claims may be adjudicated in Delaware.

                                                Respectfully submitted,

                                                NOKIA SOLUTIONS AND NETWORKS OY,

                                                By its attorneys,

                                                /s/ David Himelfarb
                                                David Himelfarb, BBO #649596
                                                dhimelfarb@mccarter.com
                                                John Allen, BBO # 673081
                                                jallen@mccarter.com
                                                McCarter English, LLP
                                                265 Franklin Street
                                                Boston, MA  02110
                                                Tel:  (617) 449-6500
                                                Fax: (617) 607-9200

March 9, 2020

## CERTIFICATE OF SERVICE

    I, David Himelfarb, hereby certify that on this 9th day of March, 2020, a true copy of the above document was served on counsel for all parties through the Court's ECF/CM system.

                                                /s/ David Himelfarb
                                                David Himelfarb