**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

COLLISION COMMUNICATIONS, INC.,

Plaintiff,

v.

NOKIA SOLUTIONS AND NETWORKS OY,

Defendant.

C.A. No. 1:20-cv-00949-JD

## NOKIA SOLUTIONS AND NETWORKS OY'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant Nokia Solutions and Networks Oy ("Nokia") respectfully moves to dismiss plaintiff Collision Communications, Inc.'s ("Collision") Second Amended Complaint (the "Complaint") (Dkt. No. 54).

Collision's entire case is premised on the implausible contention that on **June 6, 2017** – just seven days after Collision sent Nokia incomplete draft agreements to document a sophisticated $23 million technology collaboration *and* before Nokia was able to provide its formal substantive responses it told Collision would be forthcoming – a binding deal was entered into between the parties during a telephone conversation. In making this assertion, Collision glosses over a number of key facts – such as the fact that between June 6, 2017, and November 2018 the parties continued their efforts to try to negotiate a deal and, in fact, exchanged numerous draft agreements (a fact that hardly supports Collision's contention that the parties reached an agreement on June 6, 2017).

Based entirely on the faulty premise that a contract was formed on June 6, 2017, Collision asserts the following six counts: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) promissory estoppel (4) negligent/intentional misrepresentation; (5) quantum meruit; and (6) violation of RSA Chapter 358-A.

ME1 34956312v.1

As further discussed in Nokia's accompanying memorandum of law, these claims each fail for the following reasons:

(1) As for Collision's breach of contract claim:

    a.  Nokia's alleged oral acceptance of Collision's "offer" was not unequivocal, and thus does not meet the legal standard for a valid contract acceptance;

    b.  the license agreement Collision seeks to enforce violates the Statute of Frauds;

    c.  the integration agreement Collision seeks to enforce fails for the failure of a condition precedent, namely, the failure to execute the license agreement;

    d.  the record shows that Nokia never intended to be bound; and

    e.  the record shows that the parties did not agree on all material terms.

(2) As for Collision's implied covenant of good faith and fair dealing claim:

    a.  there is no underlying contract between the parties;

    b.  the claim does not allege any actionable misconduct during the parties' contract negotiations; and

    c.  the claim is simply duplicative of Collision's failed negligent/intentional misrepresentation claim.

(3) As for Collision's promissory estoppel claim, the record properly before the Court establishes that Collision did not in fact rely on any of Nokia's identified statements and, even if it had, its reliance would not have been reasonable as a matter of law. The Complaint also fails to identify any "reasonably definite and certain" promises made by Nokia to Collision.

(4) As for Collision's negligent/intentional misrepresentation claims, those claims too fail for a lack of reasonable reliance and also fail under the economic loss doctrine.

ME1 34956312v.1

(5) As for Collision's quantum meruit claim, this claim fails for the simple reason that Collision is not alleged to have actually provided anything to Nokia.

(6) Lastly, Collision's RSA 358-A claim:

    a. does not apply in light of the parties' Delaware choice of law provision;

    b. is barred by the limitation of liability provision in the parties' alleged agreements; and

    c. fails because Nokia's alleged conduct does not rise to the level of rascality needed to state a claim.

Pursuant to Local Rule 7.1(d), Nokia also respectfully requests a hearing in connection with this Motion. Nokia suggests that, given the complexity and dispositive nature of this Motion, a hearing may assist the Court in resolving the Motion.

WHEREFORE, for the foregoing reasons, Nokia requests that the Court grant this Motion, dismiss the Second Amended Complaint in its entirety, and grant such other and further relief as it deems just and proper.

Respectfully submitted,

NOKIA SOLUTIONS AND NETWORKS OY,

By its attorneys,

/s/ David Himelfarb
David Himelfarb, NHBA # 19754
dhimelfarb@mccarter.com
John Allen, admitted *pro hac vice*
jallen@mccarter.com
McCarter English, LLP
265 Franklin Street
Boston, MA 02110
Tel: (617) 449-6500
Fax: (617) 607-9200

November 11, 2020

## CERTIFICATE OF SERVICE

3

I, David Himelfarb, hereby certify that on this 11th day of November, 2020, a true copy of the above document was served on counsel for all parties through the Court's ECF/CM system.

/s/ David Himelfarb
David Himelfarb

ME1 34956312v.1