UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Collision Communications, Inc.</u>

    v.                                Civil No. 20-cv-949-JD

<u>Nokia Solutions and Networks OY</u>

<u>O R D E R</u>

Collision Communications, Inc. brings breach of contract and related claims against Nokia Solutions and Networks OY, arising from their failed business relationship.  Nokia moves to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6).  In support of the motion, Nokia submitted copies of two draft agreements and copies of emails covering the period between June 1 and December 18, 2017.  Collision objects to the motion on the grounds that it was improper for Nokia to submit materials extrinsic to the complaint and that the motion fails on the merits.

A motion to dismiss under Rule 12(b)(6) challenges the plausibility of the claims as alleged in the complaint. <u>Rios-Campbell v. U.S. Dept. of Commerce</u>, 927 F.3d 21, 24-25 (1st Cir. 2019).  For that reason, the court does not consider documents or materials extrinsic to the complaint except in limited circumstances.  <u>Newman v. Lehman Bros. Holdings Inc.</u>, 901 F.3d 19, 25 (1st Cir. 2018).  When materials extrinsic to the pleadings are submitted in support of a motion to dismiss under

Rule 12(b)(6) and are not excluded by the court, the motion must be converted toa motion for summary judgment under Federal Rule of Civil Procedure 56.  Fed. R. Civ. P. 12(d).

Narrow exceptions to the rule against extrinsic materials exist "for documents the authenticity of which is not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).  The exceptions are often used in cases involving breach of contract where the plaintiff relies on a contract or agreement as the basis of the claim.  Doe v. Harvard Univ., 462 F. Supp. 3d 51, 59 (D. Mass. 2020) (citing cases). "That a complaint mentions a document, or even repeatedly refers to the document, is not enough, however, if that document is not integral to the claim or explicitly relied upon as a basis for liability."  Id.

None of the materials submitted by Nokia was filed with the second amended complaint.  Nokia asserts that the materials it submitted fall within the exception for documents relied on in the complaint.  Collision contends that the materials do not fall within the exception because Nokia uses additional emails and draft agreements to challenge the allegations in the complaint.

2

While it is true that Collision refers to and quotes from some emails in its complaint, Nokia is not relying exclusively on those parts of the parties' email communications.  Instead, Nokia is introducing additional communications from the parties' email chains and two draft agreements in order to challenge Collision's allegations in the complaint.  Reliance on these documents is more appropriate in the context of a motion for summary judgment when Collision will have the opportunity to respond with evidence of its own.

## Conclusion

For the foregoing reasons, Nokia's motion to dismiss (document no. 55) is denied without prejudice to filing a properly supported motion for summary judgment.


SO ORDERED

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

December 23, 2020
cc:  Counsel of record.