UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| COLLISION COMMUNICATIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NOKIA SOLUTIONS AND NETWORKS OY,<br><br>Defendant. | C.A. No. 1:20-cv-00949 |

**COLLISION COMMUNICATIONS' SUR-REPLY IN OPPOSITION TO NOKIA'S MOTION FOR RECONSIDERATION**

Plaintiff Collision Communications, Inc. submits this Sur-reply solely to address an argument that Nokia makes in its Reply brief (Docket #79). Specifically, Nokia argues that this Court's "failure to address arguments is a recognized basis on which to grant reconsideration," and cites two cases for this proposition: Smith v. Colvin, No. CV-11-02524-PHX-DGC, 2013 WL 1092880, at *1 (D. Ariz. Mar. 15, 2013); Dionne v. Fed. Nat. Mortg. Ass'n, 110 F. Supp. 3d 338, 339 (D.N.H. 2015). Nokia's proposition is false, and its cited cases do not support reconsideration in this instance.

This Court did not "fail" to address any of Nokia's arguments. Instead, the Court correctly recognized that Nokia's arguments for dismissal relied on external documents and, therefore, chose not to consider those arguments absent a properly supported motion for summary judgment. See Order on Motion to Dismiss (DiClerico, J.) (Docket #60). The Court was well within its discretion to make this determination. See, e.g., Pelton v. Cotton Mill, LLC, No. 18-CV-242-LM, 2019 WL 1957932, at *2 (D.N.H. May 2, 2019). Therefore, Nokia still has not identified any error by this Court justifying reconsideration.

Nokia's cited cases do not support its argument for reconsideration. In <u>Smith v. Colvin</u>, No. CV-11-02524-PHX-DGC, 2013 WL 1092880, at *1 (D. Ariz. Mar. 15, 2013), which is a one-paragraph decision, the trial judge recognized that he had overlooked a portion of one party's request for attorney's fees and took the opportunity to correct his oversight. <u>See id.</u> Here, there was no such oversight by the Court.

In <u>Dionne v. Fed. Nat. Mortg. Ass'n</u>, 110 F. Supp. 3d 338, 339 (D.N.H. 2015), the trial judge allowed a motion for reconsideration and reversed her own prior determination that plaintiff had constructively amended her complaint (via plaintiff's opposition to a motion to dismiss). <u>See id.</u> The judge agreed with defendants that her prior finding of a constructive amendment was contrary to the Rules of Civil Procedure. The Court, however, pointedly observed that defendants' "victory [on its motion for reconsideration] will likely ring hollow" given that the Court allowed reconsideration only to then deny defendants' motion to dismiss. <u>Id.</u> Here, the Court did not violate any procedural rules (nor can Nokia claim that it has), so this case lends no support to Nokia.

This Court's decision to deny Nokia's motion to dismiss without prejudice was not only procedurally correct, it was judicially efficient. Nokia's motion for reconsideration is not only meritless, it is contrary to the Court's clear interest in resolving all of Nokia's dispositive arguments in a single motion under Fed. R. Civ. P. 56 (which Nokia has now filed). Therefore, Nokia's motion for reconsideration should be denied.

<table>
<tr><td></td><td>Respectfully submitted,

COLLISION COMMUNICATIONS,

/s/ Tyler E. Chapman
Tyler E. Chapman, Admitted Pro Hac Vice (MA BBO # 637852) tchapman@toddweld.com
Maria Davis, Admitted Pro Hac Vice (MA BBO # 675447) mdavis@toddweld.com
Tara D. Dunn, Admitted Pro Hac Vice (MA BBO # 699329) tdunn@toddweld.com
Joseph M. Cacace (NH Bar # 266082; MA BBO # 672298) jcacace@toddweld.com
TODD & WELD LLP
One Federal Street
Boston, MA 02110</td></tr>
<tr><td>Dated: March 17, 2021</td><td>Tel: (617) 720-2626</td></tr>
</table>

## CERTIFICATE OF SERVICE

I, Tyler E. Chapman, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

| | /s/ Tyler E. Chapman |
|---|---|
| Dated: March 17, 2021 | Tyler E. Chapman |