UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Collision Communications, Inc.

     v.                              Civil No. 20-cv-949-JD
                                           Opinion No. 2021 DNH 057

Nokia Solutions and Networks OY


O R D E R

Collision Communications, Inc. brings claims against Nokia Solutions and Networks OY, arising from the parties' failed business relationship. The court previously denied, without prejudice, Nokia's motion to dismiss because Nokia supported its motion with reference to materials extrinsic to the complaint. The court noted that the issues would be more appropriately addressed through a motion for summary judgment. Nokia has filed a motion for summary judgment but also moves to reconsider the order that denied its motion to dismiss. Collision asks, pursuant to Federal Rule of Civil Procedure 56(d), that consideration of the motion for summary judgment be delayed pending necessary discovery.


I.  Motion for Reconsideration

Nokia asks the court to reconsider arguments raised in the motion to dismiss that it contends did not require consideration

of documents that are extrinsic to the complaint.[1]  In support,
Nokia lists eight arguments it made in its motion and/or in its
reply that it contends could be decided based only on the
allegations in the complaint.  Collision objects to the motion.

"A motion to reconsider an interlocutory order of the
court, meaning a motion other than one governed by Fed. R. Civ.
P. 59 or 60, shall demonstrate that the order was based on a
manifest error of fact or law . . . ."  LR 7.2(d).
Reconsideration will not be granted based on new theories or old
arguments that were presented and rejected.  D'Pergo Custom
Guitars, Inc. v. Sweetwater Sound, Inc., 2020 DNH 051, 2020 WL
1517060, at *1 (D.N.H. Mar. 30, 2020).  Reconsideration is an
extraordinary remedy that is to be used sparingly.  Palmer v.
Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006).

Nokia argues that Collision agreed in its objection to the
motion to dismiss to have the court consider the license and
integration agreements and invites the court to review the
motion to dismiss to determine whether certain arguments and

---

[1] One such argument asserted by Nokia is whether a breach of
the implied covenant was alleged with sufficient specificity to
satisfy Federal Rule of Civil Procedure 9(b).  Nokia, however,
failed to raise Rule 9(b) in its motion to dismiss, and instead,
improperly, raised it in its reply.  Further, the argument
appears to have little or no merit.

issues might have been resolved without reference to other materials.  Nokia agrees for purposes of reconsideration that New Hampshire law, rather than Delaware law, should govern.[2]  The court declines to engage in the reconsideration efforts that Nokia proposes.

Having relied on extrinsic materials for at least some of its arguments, Nokia did not follow the constraints of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[3]  It is not the court's duty to work around the situation that Nokia created.  Further, given the nature of the claims and Nokia's arguments in defense, the issues are better addressed in the context of a fully developed record.

_____

[2] In the motion to dismiss, Nokia asserted that Delaware law governed the contract claims, based on provisions in the license and integration agreements and presented its arguments based on Delaware law with footnotes citing New Hampshire law.  The question about the governing law is another reason to postpone consideration of a challenge to the claims on the merits when a decision on choice of law may be made.

[3] For example, while Nokia now argues that the court can dismiss the breach of contract claim based only on the allegations in the complaint and the copies of the agreements, Nokia also relied on various emails for purposes of the motion to dismiss.  In the motion to dismiss, Nokia represented that a June 1 email could be considered because it was referenced in ¶ 67 of the complaint.  See doc. no. 55-1, at *5 n.4.  At ¶ 67 of the second amended complaint (doc. no. 54), however, Collision quotes from a June 9 communication.  Further, when evidence of the parties' communications is central to the claims and the interpretations of the evidence is disputed, the claims are better addressed in a properly supported motion for summary judgment.

II.  Collision's Request under Rule 56(d) for Discovery

As part of its objection to Nokia's motion for summary
judgment, Collision invokes the need for discovery under Rule
56(d).  Rule 56(d) provides:  "If a nonmovant shows by affidavit
or declaration that, for specified reasons, it cannot present
facts essential to justify its opposition, the court may:
(1) defer considering the motion or deny it; (2) allow time to
obtain affidavits or declarations or to take discovery; or
(3) issue any other appropriate order."  In support of a motion
under Rule 56(d), a party must file "an authoritative statement
that: (i) explains [its] current inability to adduce the facts
essential to filing an opposition, (ii) provides a plausible
basis for believing that the sought-after facts can be assembled
within a reasonable time, and (iii) indicates how those facts
would influence the outcome of the pending summary judgment
motion."  Doe v. Brown Univ., 943 F.3d 61, 71 (1st Cir. 2019).

A.  Progress of Case

This case was filed in the District of Massachusetts in
November of 2019.  Nokia moved to dismiss for lack of personal
jurisdiction and for failure to state a claim.  In order to cure

the defect in personal jurisdiction, the court transferred the
case to this district in September of 2020.

Collision filed a second amended complaint in October, and
Nokia moved to dismiss in November.  Collision requested that a
preliminary pretrial conference be scheduled, which the court
denied while the motion to dismiss was pending.  On December 23,
2020, the court denied Nokia's motion to dismiss, without
prejudice to filing a properly supported motion for summary
judgment.

Nokia moved for reconsideration of the order denying the
motion to dismiss and moved for summary judgment on the same
day.  The parties filed a joint motion to extend the briefing
deadlines on those motions.  The court granted the motion and
also directed that no pretrial conference would be scheduled
until after resolution of the pending motions.  Therefore, there
has been no pretrial conference in this case, and no discovery
order has issued.


    B.  Need for Discovery

In support of its request under Rule 56(d), Collision filed
the affidavit of its counsel to show why discovery is needed
before it can fully respond to the motion for summary judgment.
Doc. no. 75.  Counsel states in the affidavit that Collision

sought discovery from Nokia for internal documents pertaining to the parties' dealings with respect to Nokia's efforts to obtain licensed technology from Collision.  Nokia refused to provide any discovery pending resolution of its pending motions.

Counsel states that discovery is necessary to obtain internal documents and communications about the parties' dealings in order to show the entire context of those dealings. Counsel also states that Collision needs to depose the individuals from Nokia, particularly its executives, who were involved in Nokia's efforts to obtain licensed technology from Collision.  Further, counsel states that Nokia's internal documents and depositions are necessary to determine whether Nokia deliberately delayed finalization of the agreement in writing.

In response, Nokia contends that the discovery Collision seeks is irrelevant to its claims so that no discovery is necessary to respond to the pending motion for summary judgment. Nokia argues that the breach of contract claim depends on whether there is objective evidence that the parties reached an agreement, so that the information Collision hopes to discover about the Nokia officers' intentions and understandings will not

change the outcome.[4]  Nokia further argues that the complaint is
insufficient to allege the other claims.[5]

Because an evidentiary record generally is necessary for a
summary judgment decision, a motion for summary judgment is
rarely considered before discovery.[6]  Karmue v. Remington, 2020
WL 1290605, at *11 (D.R.I. Mar. 18, 2020) (citing Lujan v. Nat'l
Wildlife Fed., 497 U.S. 871, 884 (1990) (noting summary judgment
appropriate "after adequate time for discovery")).  No discovery
has been undertaken in this case, and therefore the record has

---

[4] Nokia further argues, based on Massachusetts law rather
than New Hampshire law, that contract formation is a legal
question not a factual question, citing TLT Const. Corp. v. RI,
Inc., 484 F.3d 130, 135 (1st Cir. 2007).  The legal question
arises only when the formation of the contract is undisputed or
is based on writings.  Id.  Here, Collision alleges that
agreement was reached based on the parties' communications,
which appears to raise a factual issue, a situation that is
discussed in the next paragraph in TLT Const. Corp.  Nokia also
contends that Collision cannot proceed under a theory of an
implied contract because the complaint lacks allegations to
support that theory.  Because no discovery plan has been entered
in this case, however, to the extent Collision's allegations may
be wanting, there is no deadline for Collision to move to amend
the complaint.

[5] Nokia again raises an issue about whether the claims are
alleged with sufficient specificity as required by Federal Rule
of Civil Procedure 9(b).  The court will not address that issue
in this context.

[6] An exception exists when undisputed evidence, such as a
videotape, shows that only one version of the facts is true so
that no reasonable jury could believe the contrary story.
Karmue, 2020 WL 1290605, at *11.  That is not the situation
presented here.

not been developed for purposes of summary judgment.[7]  See In re
PHC, Inc. Shareholder Litig., 762 F.3d 138, 144 (1st Cir. 2014)
(noting that denial of relief from a pending motion for summary
judgment when there has been no opportunity for discovery is
likely to be an abuse of discretion).  While Nokia may prefer to
make its arguments based on its selection of documents and
communications while avoiding all discovery from Collision, that
procedure would be unfairly prejudicial to Collision.[8]  Instead,
a decision on a motion for summary judgment should be based on a
well-developed and properly presented record.


                            Conclusion

     For the foregoing reasons, Nokia's motion for
reconsideration (document no. 62) is denied.

     Nokia's motion for summary judgment (document no. 63) is
denied without prejudice to refile that motion or a new motion

---

[7] Importantly, this is not a case where the parties have
completed discovery, and yet the nonmoving party asserts a need
for additional discovery to oppose summary judgment.  See e.g.
Booker v. Pfizer, Inc., 847 F.3d 52, 61-62 (1st Cir. 2017);
Woods Hole Oceanographic Inst. V. ATS Specialized, Inc., --- F.
Supp. 3d ---, 2021 WL 220098, at *3 (D. Mass. Jan. 21 2021).

[8] To that point, Nokia faults Collision for failing to
present evidence to support some of its claims.  That evidence
may be an appropriate subject for discovery.

once discovery is complete or has progressed to the point of providing a sufficiently-developed record to support the motion.

As the pending motions have been resolved, a pretrial conference shall be scheduled.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

March 24, 2021

cc:  Counsel of record.