UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Collision Communications, Inc.

    v.                                              Civil No. 20-cv-949-LM
                                                      Opinion No. 2024 DNH 012 P

Nokia Solutions and Networks OY

## **O R D E R**

On February 14, 2024, the court held a combined motion hearing and status conference via video in this case. Attorneys Steven Pepe, Kevin Post, Brooke Shilo, Brian Lebow, Cassandra Roth, Russell Hilliard, and Jolene Wang appeared for plaintiff Collision Communications, Inc. ("Collision"), and attorneys Thomas Finn, John Allen, and Dean Elwell appeared for defendant Nokia Solutions and Networks OY ("Nokia"). This order summarizes the court's rulings made at the hearing and provides a ruling with respect to the one matter the court took under advisement at the hearing (doc. no. 282, Cy Gregg issue).

(1) The parties shall file with the court, on or before **February 20, 2024**, a joint list of technical terms, lengthy company names, acronyms, or other similar matters to facilitate the court reporter's creation of transcripts.

(2) The parties shall continue to meet and confer to resolve their respective objections to deposition designations and counter-designations. To the extent the court needs to resolve continuing objections, it will do so on a rolling basis once trial begins either in the morning before the presentation of evidence or in the afternoon after presentation of evidence has concluded.

(3) Doc. no. 269 is denied for the reasons stated on the record at the hearing. The court does not agree with Collision that New Hampshire law provides a cause of action for breach of the implied covenant of good faith

and fair dealing absent a contract between the parties. See, e.g., J&M Lumber & Const. Co. v. Smyjunas, 161 N.H. 714, 723-25 (2011).

(4) Doc. no. 270 is granted in part and denied in part for the reasons stated on the record.

**Statute of Frauds.** It is granted to the extent that the court will decide the applicability of the statute of frauds in this case. See Byblos Corp. v. Salem Farm Realty Tr., 141 N.H. 726, 729 (1997). It is further granted to the extent that, if there are disputed questions of fact as to the terms of the contract that bear on whether the contract comes within the statute of frauds, the jury will determine whether the contract contains such disputed terms. See Tsiatsios v. Tsiatsios, 140 N.H. 173, 176 (1995); Peabody v. Wentzell, 123 N.H. 416, 418 (1983).

**Part performance and equitable estoppel.** It is further granted to the extent that the court will decide whether the doctrine of part performance applies to Nokia's statute of frauds defense so as to remove the contract from the ambit of the statute of frauds. See Winecellar Farm, Inc. v. Hibbard, 162 N.H. 256, 263 (2011). It is further granted to the extent that the court will instruct the jury to determine whether Collision partially performed its obligations under the contract. And it is further granted to the extent that the court will determine (based on the jury's findings regarding the extent of Collision's partial performance) whether the doctrine of part performance requires the court, as an equitable matter, to remove the contract from the scope of the statute of frauds.

**Promissory estoppel.** It is denied to the extent that the court finds that the doctrine of promissory estoppel under New Hampshire law requires a successful plaintiff to show that "injustice can be avoided only by enforcement of the promise." Restatement (Second) of Contracts § 90; see Rockwood v. SKF USA Inc., 687 F.3d 1, 9 (1st Cir. 2012) ("The New Hampshire Supreme Court has adopted the definition of promissory estoppel from Section 90 of the Restatement (Second) of Contracts."). It is granted to the extent that the applicability of this "injustice" element presents a question of law that will be decided by the court.

(5) Doc. no. 271 is granted in part and denied in part for the reasons stated on the record.

**Damages for Promissory Estoppel.** Under New Hampshire law, the presumptive measure of damages for a promissory estoppel claim is the value of the promise, which includes full contractual remedies. See

Jackson v. Morse, 152 N.H. 48, 52 (2005). Reliance damages, rather than expectation and (potentially) consequential damages are appropriate if the promise is "indefinite or unclear." Id. at 53. Thus, doc. no. 271 is granted to the extent that the court finds expectation and consequential damages may be available to Collision for success on its promissory estoppel claim.

Doc. no. 271 is denied to the extent that Collision requests the court determine the appropriate measure of these damages prior to trial. This ruling is fact-specific and is best-suited to occur in the context of the trial. The court grants Collision's motion to this limited extent: Collision anticipates that, at the close of Nokia's case, it will move for a directed verdict on whether there are facts from which a jury could find the promise "indefinite or unclear" (i.e., Collision will argue that the only measure of damages for its promissory estoppel claim are expectation and consequential). If the court does not grant Collision's motion for a directed verdict on this question, it will instruct the jury (to the extent the jury finds Nokia liable on Collision's promissory estoppel claim) that expectation and (potentially) consequential damages are the appropriate measure on Collision's promissory estoppel claim unless it determines that Nokia's promise was unclear or indefinite, and if the jury so finds, that reliance damages are the appropriate measure. See id. at 52-53.

(6) The court issues the following rulings with respect to doc. no. 282:

The parties shall continue to meet and confer to resolve logistical issues surrounding the availability of **Tero Kola**, a Nokia witness.

The court finds that **Cy Gregg**, a Collision witness, is "unavailable" for purposes of Federal Rule of Civil Procedure 32(a)(4). See Fed. R. Civ. P. 32(a)(4)(B); Daigle v. Me. Med. Ctr., Inc., 14 F.3d 684, 691-92 (1st Cir. 1994) (holding that "[d]istance is the decisive criterion" with respect to a witness's unavailability under Rule 32(a)(4)(B)). Because Gregg is in California—more than 100 miles from the place of trial—and there is no indication that Collision procured Gregg's absence, Collision has demonstrated that Gregg is unavailable under Rule 32(a)(4)(B).

The court finds that **Francisco "Paco" Lopez-Herrerias** would be a "witness identified with an adverse party" if called by Collision during its case-in-chief, such that the court will very likely allow Collision to ask Lopez-Herrerias leading questions on direct examination. Fed. R. Evid. 611(c)(2); see also Keefe v. LendUS, LLC, 659 F. Supp. 3d 196, 202 (D.N.H. 2023) ("A witness is identified with an adverse party, for

purposes of Rule 611, when the witness is an employee, agent, friend, or relative of an adverse party.").

The court declines to preclude Nokia from recalling **Stan or Jared Fry** during Nokia's case-in-chief to the extent that the parties agree that Nokia may cross-examine either witness outside the scope of their direct examination during Collision's case-in-chief.

With respect to informing the jury of **undisputed facts**, to the extent either party wishes to admit evidence of an undisputed fact, the party shall attempt to do so in the first instance in the ordinary course of trial (i.e., by questioning a witness). The parties shall meet and confer to prepare a stipulation that will be read to the jury at the conclusion of the trial to the extent either party wishes to put into evidence any undisputed fact that has not previously been elicited through a witness.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

February 15, 2024

cc:   Counsel of Record

4